FILED 07 JUN '11 08:09 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY G. SHARP,                                    Civ. No.   11-6157-AA
                                                     OPINION AND ORDER
          Plaintiff,

     v.

CAROL CALLAHAN, KAREN KEMPER,
BENTON COUNTY CIRCUIT COURT,
OFF. RICHARD BRENNER,

          Defendants.

_____

AIKEN, Chief Judge:

     Plaintiff moves to proceed *in forma pauperis* (doc. 1, filed
May 9, 2011).  Notably, even though the court has not granted
plaintiff's IFP motion and allowed the case to proceed without the
payment of fees, plaintiff has apparently served defendants,
resulting in numerous and unnecessary filings including Motions to
Dismiss by defendants Brenner and Callahan.  Regardless, upon
examination of plaintiff's affidavit, the court finds that

1    - OPINION AND ORDER

plaintiff is unable to afford the cost of this action. Accordingly, IT IS ORDERED that the provisional *in forma pauperis* status given plaintiff is confirmed.  This action may go forward without the payment of fees.

Federal law authorizes federal courts to review cases filed *in forma pauperis* to determine if the complaint is "frivolous or malicious" or "fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  If the court finds that the complaint lacks an arguable basis in law or fact or fails to state a claim, the court may dismiss the action.  Id.; see also Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court must liberally construe a *pro se* plaintiff's complaint and permit amendment unless the deficiencies in the complaint cannot be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  I find plaintiff's complaint deficient in several respects.

First, plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires plaintiff to set forth his claim in a short and plain statement showing that he is entitled to relief.   Plaintiff's rambling allegations against the three individual defendants and the Benton County Circuit Court do not correlate with his two causes of action alleging that defendant Kemper improperly convened a grand jury and wrote an overbroad no-contact order in violation of his First Amendment rights.

Second, plaintiff's allegations fail to support federal court

jurisdiction.   Plaintiff generally complains of retaliation and malicious prosecution on the part of defendants Kemper, Callahan and Brenner and seeks declaratory relief.   Plaintiff's allegations pertain to a pending criminal action against him in state court and a civil action plaintiff filed against Callahan in state court. Thus, plaintiff essentially seeks federal court interference with or invalidation of pending state court proceedings that implicate important state interests.   See Gilbertson v. Albright, 381 F.3d 965, 971-73, 975 (9th Cir. 2004) (en banc).   However, "federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism."   Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F.3d 391, 393 (9th Cir. 1995). Here I find that resolution of plaintiff's federal claims for declaratory relief would interfere directly with pending state court proceedings involving plaintiff and therefore abstention and dismissal is appropriate.   Gilbertson, 381 F.3d at 975.

Generally, a pro se plaintiff is given the opportunity to amend a complaint and cure any deficiencies identified by the court.  However, for the reasons explained above, the deficiencies cannot be cured in this case.

///

///

3   - OPINION AND ORDER

CONCLUSION

Accordingly, for the reasons set forth above, defendants Brenner's and Callahan's motions to dismiss (docs. 5, 6) are GRANTED and plaintiff's claims against all defendants are HEREBY DISMISSED.

IT IS SO ORDERED.

Dated this 3 day of June, 2011.

_____

Ann Aiken
United States District Judge

4    - OPINION AND ORDER